JEFF SESSIONS
Attorney General
T.E. Wheeler, II
Acting Assistant Attorney General
Civil Rights Division
SHINA MAJEED
Chief of Housing & Enforcement Section
TIMOTHY J. MORAN
Deputy Chief
*NOAH D. SACKS*
Trial Attorney
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Ph:  (202) 514-4737

JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington
*TIMOTHY M. DURKIN*
*JOSEPH P. DERRIG*
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Ph: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KEITH RIEXINGER, TAMRA RIEXINGER, and RIEXINGER ENTERPRISES, INC. d/b/a/ CROSSROADS CONSTRUCTION<br><br>Defendants. | No. 16-CV-03191-SMJ<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to the Court's Notice at ECF No. 5 and Fed R. Civ. P. 26(f), Plaintiff

United States of America ("Plaintiff") and Defendants Keith Riexinger, Tamra

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

Riexinger, and Riexinger Enterprises, Inc., ("Defendants") submit the following Joint Status Report and Discovery Plan.

Plaintiff and Defendants have met and conferred regarding the substance of this Joint Status Report and Discovery Plan via teleconference on March 17, 2016.

**A. Magistrate Judge**

The Parties have notified the Clerk's Office that they do not consent to assignment to a Magistrate Judge.

**B. Jurisdiction and Venue**

Plaintiff contends subject matter jurisdiction is proper under 28 U.S.C. § 1345, and 42 U.S.C. §§ 3612(o) and 3614(a) of the Fair Housing Act.  Defendants contend post-complaint modifications they made to the subject property deprive the Court of jurisdiction over claims under the FHA.  Defendants also contend that the three buildings in questions were originally designed and permitted as single family houses, with two of the buildings (located at 2400 and 2402 Ridgeview Lane, Ellensburg, WA 98926) having been leased under a standard house lease, or vacant, when NWFHA filed its complaint with HUD, and during HUD's subsequent investigation, thus precluding them from being subject to the FHA.

Venue is proper under 28 U.S.C. § 1391(b).

**C. Service of Process**

Service is complete.

**D. Claims and Defenses**

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

Defendants designed and constructed three identical, non-elevator buildings that were permitted as single family houses, which are commonly referred to as Ashlynn Estates. The buildings are located approximately a mile from Central Washington University. As originally constructed, each building had nine individually locked bedrooms, each with a full bathroom. Four bedrooms were located on the ground floor and five on the second floor. In March 2014, the Northwest Fair Housing Alliance ("NWFHA") filed an administrative complaint with the United States Department of Housing and Urban Development ("HUD") alleging Defendants discriminated against persons with disabilities by failing to design and construct the three buildings to meet the accessibility requirements of the FHA. Based on its investigation, HUD determined Defendants had violated the FHA by failing to design and construct the Ashlynn Estates in accordance with the FHA's accessibility requirements. Defendants elected to have the Charge of Discrimination resolved in federal district court, and on October 31, 2016, Plaintiff filed its Complaint. Plaintiff filed its Complaint on behalf of the NWFHA, pursuant to the election provisions of 42 U.S.C. § 3610(o). Plaintiff also brings a claim on its own behalf under 42 U.S.C. § 3614. Plaintiff seeks an order enjoining Defendants from discriminating in violation of the FHA and requiring them to retrofit the Ashlynn Estates to bring it into compliance with the FHA; civil penalties; and statutory damages for the NWFHA and any other person harmed by Defendants' discriminatory conduct and practices.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

Shortly after the Complaint was filed, Defendants began remodeling the three buildings, converting each building into two separately accessed residential dwellings. One such dwelling has seven locked bedrooms (with bathrooms), only two of which are on the ground floor of the two-story building, along with a kitchen, living room, laundry room, and other common areas. This separately accessed dwelling is rented to multiple tenants. The second separately accessed dwelling is a ground floor unit, which has two unlocked bedrooms, a kitchen, a living room, and bathroom; and the entire unit is rented to a single tenant. Defendants contend that this modification reduces the number of ground floor units to three, thereby taking the buildings outside the scope of the FHA. Defendants also contend that Plaintiff's claims are barred based upon the inequitable and/or unlawful conduct of NWFHA as set forth in Defendants' Answer and Affirmative Defenses.

**E. Constitutionality**

No statute's constitutionality is challenged.

**F. Class Action**

This matter is not being pursued as a class action.

**G. Certification of State Supreme Court Issues**

No issues require certification to a state Supreme Court.

**H. Proposed Deadline to Amend Pleadings**

The Parties request the deadline to amend pleadings be 90 days from the date of the Scheduling Conference.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4

## I. Proposed Deadline for Adding Additional Parties

The Parties request the deadline for adding any additional parties be 90 days from the Scheduling Conference.

## J. Corporate Statement

Defendant Riexinger Enterprises, Inc. filed the Fed. R. Civ. P. 7.1 statement on March 17, 2017.

## K. Guardian Ad Litem

There is no need for a guardian ad litem.

## L. Proposed Discovery Plan

1. Initial Disclosures

The Parties will exchange initial disclosures on or before April 14, 2017.

2. Subjects of Discovery

The parties may seek discovery concerning the facts and circumstances surrounding the design, construction, marketing, rental, use and post-Complaint modifications of the subject property.  Plaintiff may depose the Defendants, property managers, city officials, and other witnesses concerning the design, construction, permitting, marketing, remodeling and use of Ashlynn Estates.

Defendants may depose HUD; individual HUD agents, experts, officials and/or employees; NWFHA; individual NWFHA agents, experts, officials, and/or employees; City of Ellensburg officials, and other witnesses, regarding the same subjects identified above by plaintiff, as well as regarding the relevant city codes and housing market.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5

3.  Preservation of Discoverable Information

The parties have each placed a litigation hold on all documents and information that could be the subject of discovery.

4.  Claims of Privilege, Protection of Confidentiality, and Proposed Agreements

The parties may assert attorney-client privilege and work product protection, as well as any other privilege found applicable at a later date.  The parties do not anticipate needing a Confidentiality Order.  The Parties agree not to produce or describe on a privilege log communications between a party and their attorney or between a party's attorney and any witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B), except that the parties will disclose communications made discoverable by Fed. R. Civ. P. 26(b)(4)(C).

5.  Proposed Modification to Discovery Procedures

Except as stated above, at this time, the parties do not contemplate any other modifications.

6.  Fact Discovery Cut-Off

The parties propose that all fact discovery be completed by November 30, 2017.

7.  Expert Discovery

The parties propose the following deadlines:

- Plaintiff's expert disclosure deadline – 75 days before discovery cut-off.

- Defendant's expert disclosure deadline - 45 days before discovery cut-off.

- Plaintiff's rebuttal expert disclosures -15 days before discovery cut-off.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6

8. <u>Fed. R. Evid. 502 agreements relating to inadvertent disclosures</u>

The parties agree to follow the procedures established in Fed. R. Civ. Proc. 26(b)(5) and Fed. R. Evid. 502(b) regarding inadvertent disclosures.

**M. Proposed Protective/Confidentiality Orders**

None.

**N. Anticipated Motion and Dispositive Motion Deadlines**

The Parties propose a dispositive motion filing deadline of December 29, 2017. Both parties anticipate filing Motions for partial and/or complete Summary Judgment.

**O. Trial**

The Parties suggests a proposed trial date of March 6, 2018. The Parties anticipate a trial lasting 4 days. The Parties may request special audio/visual courtroom technology.

**P. Likelihood of Settlement**

The parties have discussed settlement, but a key question of a law has stymied their discussions. Defendants believe that the subject property, as recently modified, no longer qualifies as covered multifamily housing and is therefore not covered by the FHA. Plaintiffs dispute this contention. The parties believe that this issue may properly be decided on a motion for summary judgment.

**Q. Other Matters**

None at this time.

Dated: April 6, 2017.

JOINT STATUS REPORT AND DISCOVERY PLAN - 7

1

2                                           *s/ Noah D. Sacks*
                                            TIMOTHY J. MORAN
3                                           Deputy Chief
                                            NOAH D. SACKS
4                                           Trial Attorney
                                            United States Department of Justice
5                                           Civil Rights Division
                                            Housing and Civil Enforcement Section
6                                           950 Pennsylvania Ave., N.W.
7                                           Northwestern Building, 7th Floor
8                                           Washington, D.C. 20530
                                            Tel: (202) 514-4737
9                                           Fax: (202) 514-1116
10                                          noah.sacks@usdoj.gov
11
12                                          *s/Joseph P. Derrig*
                                            JOSEPH H. HARRINGTON
13                                          Acting United States Attorney
                                            JOSEPH P. DERRIG
14                                          Assistant United States Attorney
                                            United States Attorney's Office
15                                          P.O. Box 1494
16                                          Spokane, WA 92210-1494
                                            Ph: (509) 353-2767
17                                          joseph.derrig@usdoj.gov
18
19
20                                          *s/ Douglas W. Nicholson*
                                            Douglas W. Nicholson, WSBA #24854
21                                          Attorney for Defendants, Keith
                                            Riexinger, Tamra Riexinger, and
22                                          Riexinger Enterprises, Inc., dba
23                                          Crossroads Construction
                                            P.O. Box 1088/201 W. 7th Ave.,
24                                          Ellensburg, WA 98926
25                                          Ph: (509) 925-6916,
26                                          dnicholson@lwhsd.com
27
28

JOINT STATUS REPORT AND DISCOVERY PLAN - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

     I hereby certify that on April 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

> Douglas W. Nicholson, WSBA #24854
> Attorney for Defendants, Keith
> Riexinger, Tamra Riexinger, and
> Riexinger Enterprises, Inc., dba
> Crossroads Construction
> P.O. Box 1088/201 W. 7th Ave.,
> Ellensburg, WA 98926
> Ph: (509) 925-6916
> dnicholson@lwhsd.com

> *s/ Noah D. Sacks*
> TIMOTHY J. MORAN
> Deputy Chief
> NOAH D. SACKS
> Trial Attorney
> United States Department of Justice
> Civil Rights Division
> Housing and Civil Enforcement Section
> 950 Pennsylvania Ave., N.W.
> Northwestern Building, 7th Floor
> Washington, D.C. 20530
> Tel: (202) 514-4737
> Fax: (202) 514-1116
> noah.sacks@usdoj.gov

JOINT STATUS REPORT AND DISCOVERY PLAN - 9